On March 26, 1997, appellee Angela Wheaton entered into a lease with appellant, Stark Metropolitan Housing Authority, for the rental of federally subsidized housing on Freedom Avenue in Alliance, Ohio. The lease included a provision concerning criminal activity on the premises.
On March 9, 1998, appellant served appellee with a three-day notice to vacate, stating the reason as breach of the criminal activity section of the lease. Appellee failed to vacate the premises, and appellant filed a complaint in forcible entry and detainer in the Alliance Municipal Court. The eviction proceeded to hearing in the trial court. The court found that appellant failed to prove that appellee violated the terms of the lease. Appellant assigns a single error on appeal:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN FINDING FOR THE DEFENDANT/APPELLEE AS THE JUDGMENT IS NOT SUPPORTED BY THE EVIDENCE.
Appellee has failed to file a brief in the instant case.
Judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as against the weight of the evidence. E.g., C. E. MorrisCompany vs. Foley Construction Company (1978), 54 Ohio St.2d 279.
Section 10 of the lease provided in pertinent part:
10. SERIOUS CRIMINAL ACTIVITY
 It is the policy of the Stark Metropolitan Housing Authority that public housing shall not be available to tenants or members of their household who engage in criminal activity, or who have guests or other invitees who engage in such activity. The authority maintains a zero tolerance or One Strike policy regarding criminal activity and drug-related activity . . . .
 C. During the term of this lease, no guest or visitor of either Tenant or of any member of the Tenant's household shall engage in any criminal activity on the leased premises or on or near the housing development of which the leased premises is a part. Unless the Tenant can demonstrate otherwise, it shall be presumed that any person engaging in criminal activity is a guest or a visitor of the Tenant or a member of his/her household if said criminal activity takes place on the leased premises . . . .
Officer Scott Griffith of the Alliance Police Department testified that appellee's son stands in front of her housing building for hours at a time, flagging down cars. Although the officer never saw her son ask anyone into appellee's house, the officer saw him entering the house. Appellee's son had been arrested several times for dealing drugs, including an arrest shortly before the three-day notice was issued. Alliance police had received an informant's tip that appellee's son was using her telephone in her residence to set up drug deals. In response to the tip, police searched her home with a drug dog. Although they found no drugs, they found a large amount of cash.
The court based its ruling on the fact that there was no evidence that appellee's son was conducting drug activity inside her home. However, the lease, as cited above, provides that no guest or visitor shall engage in criminal activity on or near the housing development of which the leased premises is a part. Appellant presented evidence that appellee's son was a guest or a visitor at her home, and was conducting drug activity near the leased premises. Accordingly, the court erred in finding that appellant did not present sufficient evidence of violation of the lease to support the eviction.
The Assignment of Error is sustained.
The judgment of the Alliance Municipal Court is reversed, and this case is remanded to that court for further proceedings according to law.
By: Reader, J. and Gwin, P. J. concur.
Hoffman, J. dissents.
--------------------
--------------------
 -------------------- JUDGES